Lane v. Harlan County.

## S. D. LANE V. HARLAN COUNTY.

### FILED MAY 18, 1897.   No. 7241.

1. **Highways: COUNTIES: DAMAGES: WITNESSES.** In a suit by a land-owner against a county to recover damages which he alleged he had sustained by reason of the appropriation of a part of his land towards the construction of a public highway, a supervisor of such county, who participated in the location of such highway, and in passing upon the claim filed by the land-owner against the county for damages, is a competent witness in behalf of the county.

2. **Witnesses: CREDIBILITY.** The conduct of such supervisor in the premises is proper to go to the jury for the purpose of affecting the credibility of the witness or the weight to be given his evidence.

3. **Highways: DAMAGES.** Evidence examined, and *held* to sustain the finding of the jury.

ERROR from the district court of Harlan county. Tried below before BEALL, J.  *Affirmed.*

*R. L. Keester,* for plaintiff in error.

*Gomer Thomas, contra.*

RAGAN, C.

The county authorities of Harlan county laid out and established a certain public road, and for that purpose they appropriated certain lands of S. D. Lane. The county board of the county allowed Lane as compensation for the damages he had sustained in the premises the sum of $96. From this award he appealed to the district court, where the case was tried, resulting in a judgment in favor of Lane for the same sum. To reverse this judgment he prosecutes here a petition in error.

1. On the trial one of the supervisors who had participated in establishing the road and fixing the amount of Lane's damages was called and testified as a witness for the county. The first assignment of error is that the court erred in permitting this witness to testify. The contention is that the witness, by reason of the facts just

stated, had rendered himself incompetent. The fact that the witness was a supervisor of the county; that he had participated in establishing the road, and as a supervisor had passed upon the amount of damages allowed Lane by the county, were all facts which were proper to go to the jury as affecting the credibility of this witness or the weight to be given his evidence; but the witness was competent and the court did not err in permitting him to testify.

2. The second argument is that the verdict is not sustained by sufficient evidence. In constructing the road eight acres of Lane's land was appropriated. The evidence in behalf of Lane tended to show that this land was worth from $15 to $25 per acre, and that 320 acres of the land had been depreciated in value $2 per acre by reason of the construction of the road through said 320 acres in such a manner as to leave 160 acres on the east and 160 acres on the west side of said road. The witnesses in behalf of the county fixed the value of the land taken as low as $12 per acre and testified that the 320 acre tract was not all depreciated in value by reason of the construction of the road through it. We are not at liberty to disturb this finding, based as it is on such conflicting evidence. We frankly confess that we have doubts as to the justness and correctness of this verdict; but unfortunately, perhaps, for plaintiff in error, this is not the tribunal invested by the law with authority to weigh and reconcile this conflicting evidence. The rule as to the measure of damages was properly submitted to the jury by the instructions of the court and the evidence sustains the finding made by the jury. The judgment must therefore be, and is,

AFFIRMED.